UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUGO GARCIA AND EDGAR GACIA MENDEZ,<br>Petitioners,<br>v.<br>ANDRE QUINONES, *et al.*,<br>Respondents. | Case No. 2:26-cv-04630<br><br>EX PARTE TEMPORARY RESTRAINING ORDER |

Petitioners Hugo Garcia and Edgar Garcia Mendez have filed a petition for writ of habeas corpus (Dkt. 1) accompanied by a motion for temporary restraining order (Dkt. 2). Petitioners' motion alleges that they face immediate, irreparable harm because "Respondents served Petitioner Hugo Garcia on November 23, 2026, with 'Form 71041,' characterized the Sumas paperwork as a 'voluntary removal order,' and informed him that he will be moved on the morning of November 24, 2026 while Petitioner Edgar Garcia Mendez, who signed the exact same forms in Sumas under the same assurances, faces the same imminent threat." Dkt. 2 at 7.

The Court may grant a temporary restraining order ("TRO") to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the

applicants and to preserve [] jurisdiction over the matter."). The Court finds that Petitioners have raised serious questions as to whether they were coerced or deceived into signing a voluntary departure form, and they face the imminent irreparable harm of removal from the United States.

Therefore, Petitioners' motion for temporary restraining order is provisionally granted, pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing. Respondents (and their officers, employees, agents, or others working on their behalf) are temporarily PROHIBITED from transferring Petitioners from this district or removing Petitioners from the United States pending further order of this Court.

Petitioner's counsel is ordered to confer with the U.S. Attorney's Office as soon as possible on a briefing schedule for responding to the motion. If the parties cannot reach agreement, Respondents shall file a response to the motion on the timeline set by Local Civil Rule 65(b)(5).

This order expires on December 8, 2026 unless modified or extended by the assigned judge.

Dated this 24th day of November, 2026.

Tiffany M. Cartwright
United States District Judge